WARD, Judge.
Willie R. Bradley and Robert Lee Brown appeal their convictions of first degree robbery. Brown, pro se, assigns as error the ineffectiveness of his trial counsel. Counsel for both defendants assigns as error the Trial Court’s allowing prejudicial closing argument by the prosecutor and also asks that we review the record for patent error. We find no patent errors, and for the reasons explained below we reject the assigned errors. The convictions of both defendants are therefore affirmed.
Bradley and Brown were found guilty of a robbery which took place before dawn on August 16, 1985. The victim, on his way home, was walking alone on the median of Claiborne Avenue, an area lit by street lights. Two men walked up to the victim, approaching from in front of him. As they passed the victim, one of the men stuck what the victim believed was a gun in the victim’s back, and the other took twelve dollars from his trousers pocket. The men took the victim to an alley where he escaped. He then telephoned the police, and while standing on the street talking to the officers who responded to the call, the victim saw the two perpetrators walking nearby. The two were apprehended, and the victim positively identified Robert Brown as the man who had held the gun to his back. He was less sure that Willie Bradley was the other man because he had not seen the second perpetrator’s face very well. The police found twelve dollars in Bradley’s wallet.
Bradley and Brown were tried together represented by two different attorneys. In his pro se assignment of error, Brown argues that his attorney provided ineffective representation because he did not file a motion to quash objecting to the misjoinder of defendants nor did he subpoena a witness as requested by Brown.
There is no merit to Brown’s argument, based upon C.Cr.P. art. 495, that his *1339 attorney should have filed a motion to quash the bill of information on the grounds of misjoinder of defendants. The joinder of the two defendants was proper. Article 494 provides for joinder of defendants who, like Brown and Bradley, are “alleged to have participated in the same act or transaction....” Because the Court would have denied a motion to quash the bill of information which properly charged both defendants, counsel’s performance was not deficient in this respect.
Brown also alleges that his counsel should have requested a subpoena for the clerk at the Trailways bus station who would have testified that Brown was on his way home from the bus station at the time of the robbery. Even if given, this testimony is not relevant to Brown’s guilt or innocence of the robbery. We therefore reject Brown’s claim of ineffective representation on this ground.
Brown also requests in a pro se brief that we consider: (1) that he was gainfully employed at the time of the robbery, as proved by check stubs he has attached to his brief, indicating that he had no motive for the robbery; and (2) that the victim made a mistaken identification at the preliminary hearing. We cannot consider Brown’s first request because this Court may not consider evidence whch was not admitted in the Trial Court. Brown chose not to testify at trial; he cannot now attempt to “testify” by means of exhibits attached to his brief. We construe Brown’s second request as a claim that the evidence was insufficient to prove his guilt. We reject that claim. At trial, the victim explained why he had mistakenly identified another man as the second perpetrator at the preliminary hearing. Additionally, the victim’s positive identifications of Brown at the scene and at trial, along with the other evidence, are sufficient to support the jury’s verdict.
We now turn to the assignment of error argued by appeal counsel who contends that the Trial Judge erred in allowing, over defense objections, the state’s prejudicial closing arguments, calculated to arouse the emotions and sympathies of the jurors in violation of La.C.Cr.P. art. 774.
Although the defense has designated only selected portions of the closing argument for this Court’s review, the record before us contains two comments made by the prosecutor to which defense objections were overruled.
A year from now or a month from now y’all may not remember my name. You may remember my face. If I had stuck a gun in your face—
******
Well, for one thing, I guarantee you if all of y’all were asked to testify about what happened in court here today, y’all wouldn’t all have the exact—
To warrant reversal of the defendants’ convictions, we must find that the prosecutor’s closing argument was prejudicial and that it influenced the jury and contributed to the verdict. State v. Sharp, 418 So.2d 1344 (La.1982). An argument which attempts to have the jurors think of themselves as crime victims is prejudicial. State v. McClinton, 399 So.2d 178 (La. 1981). A trial judge therefore should sustain defense objections to portions of the prosecutors’ argument which serve no purpose but to prejudice the defendant by appealing to the jurors’ emotions, particularly their fear and apprehension for their personal safety.
In contrast to such argument, the two comments to which defense objections were overruled in this case were made in support of major issues at the trial — the victim’s credibility and his identification of the defendants. Although addressed to the jurors in personal terms, the comments do not invite an emotional response but a rational one. They do not attempt to arouse fear or prejudice against the defendants, but rather urge a comparison in the jurors’ minds between the victim’s recollection of the crime and the recollections the jurors *1340 would have had under the same circumstances. Accordingly, we find no error in the Trial Judge’s overruling defense objections to those comments.
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.